## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JEFFERY KREIDLER       )
                          )
     **Plaintiff,**        )
                          )
**v.**                      )
                          )   **2:07-CV-263-WKW**
**OFFICER SMITH, ET AL.**    )
                          )
     **Defendants.**       )
                          )
                          )

## SPECIAL REPORT

Come now Defendants Michael Smith and Willie Thomas, by and through counsel, Troy King, Attorney General of Alabama, and Jack Wallace, Jr., Assistant Attorney General to file this special report in response to the complaint.

## PARTIES

1.  The Plaintiff, Jeffery Lynn Kreidler, 227770, is incarcerated at the Elmore Correctional Facility (ECF) of the Alabama Department of Corrections.

2.  Defendant Michael Smith is employed as a Correctional Officer I at the ECF.

3. Defendant Willie J. Thomas is employed as a Warden III at the ECF.

## EXHIBITS

1. Defense Exhibit 1 is the affidavit of Willie J. Thomas.

2. Defense Exhibit 2 is an affidavit of Michael Smith.

3. Defense Exhibit 3 is an additional affidavit of Michael Smith.

## PLAINTIFF'S CLAIMS

The Plaintiff alleges that the Defendants violated his right to be free of cruel and unusual punishment as prohibited by the Eighth and Fourteenth Amendments. Specifically, he alleges that his finger was severely injured when the window closed on his finger. He alleges that the Defendants failed to properly maintain the window located in the B1 dormitory of ECF. The Plaintiff seeks both compensatory and punitive damages.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The complaint failed to state a claim for which relief may be granted.

4.    The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution as well as Article I, Section 14 of the Alabama Constitution of 1901.

5.    The Defendants are immune from suit due to qualified immunity and state agent immunity..

6.    The Plaintiff can not hold the Defendants liable under the theory of respondeat superior.

## STATEMENT OF FACTS

The Plaintiff states in his complaint that:

> On March 9, 2007, while Plaintiff was housed in B1 Dorm, the Plaintiff was making his bed and had turn around and the window at the head of Plaintiff bed with no safty locks fell down on Plaintiff right ring finger that cut Plaintiff seriously to the point Plaintiff had to have ten (10) stidges.  The defendant herein failed to properly maintence their facility.

Defendant Michael Smith is employed as a Correctional Officer I at ECF but was not assigned to the B1 Dorm at the time and thus did not witness the event nor does he have first hand knowledge of the incident. However, Defendant Smith transported the Plaintiff to the Health Care Unit at Staton Correctional Facility for treatment of his finger injury.  The medical staff at Staton evaluated the injury and sent the Plaintiff to the Baptist South Medical Facility.  Defendant Smith transported the Plaintiff

from Staton to Baptist.  (Smith Affidavit, DE 2).   As a Correctional Officer I, Defendant Smith is not responsible for the maintenance of the physical plant at ECF.  (Smith Affidavit, DE 3).

Defendant Willie J. Thomas is the Warden III at ECF.  He cannot recall ever having received a report or Maintenance Work Order form on the specific window that the Plaintiff alleges fell on his finger.  The ECF staff keeps him well informed on all matters relating to ECF, including repairs that need to be made and whether they are major or minor repairs. Maintenance Work Order forms are presented to him so that he can determine their priority  before any work is done or parts are purchased or ordered.   Repairs are made in as timely a manner as possible thereafter. (Thomas Affidavit, DE 1).

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.   In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law.

*See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the Plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

> 898 F.2d at 1532.

# **ARGUMENT**

The Plaintiff seeks compensatory and punitive damages in this action which was filed pursuant to 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Eighth Amendment protects incarcerated prisoners from punishment that is "cruel and unusual." *Whitley v. Albers,* 475 U.S. 312, 318, 106 S.Ct. 1078, 1083, 89 L.Ed.2d 251 (1986); *see also Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408-09, 51 L.Ed.2d 711 (1977). Specifically, the Eighth Amendment "prohibits the unnecessary and wanton infliction of pain ..., the infliction of pain totally without penological justification ..., [and] the infliction of punishment grossly disproportionate to

the severity of the offense." *Ort v. White,* 813 F.2d 318, 321 (11th Cir.1987) (citing *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981)). Further, "[t]he 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." *Chandler v. Crosby,* 379 F.3d 1278, 1288 (11th Cir.2004) (citing *Rhodes,* 452 U.S. at 345-46, 101 S.Ct. at 2398-99). The Eighth Amendment, however, "does not authorize judicial reconsideration of 'every governmental action affecting the interests or well-being of a prisoner.' " *Campbell v. Sikes,* 169 F.3d 1353, 1362 (11th Cir.1999) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Furthermore, "the Constitution does not mandate comfortable prisons." *Rhodes,* 452 U.S. at 349, 101 S.Ct. at 2400. "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' " *Chandler,* 379 F.3d at 1289 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399). Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." *Id.*

In *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the United States Supreme Court reiterated the State's constitutional responsibilities with regard to inmates:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.... The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs-- *e.g.,* food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. *5 *DeShaney,* 489 U.S. at 199-200, 109 S.Ct. at 1005-1006 (citations omitted).

Although the Eighth Amendment prohibits "cruel and unusual punishment" of inmates, it does not require that prisons be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) A valid Eighth Amendment claim has two components: (1) an objective component which requires that challenged conditions be "sufficiently serious;" and (2) a subjective component which requires that prison officials exhibit "deliberate indifference" to prisoner health or safety. Farmer, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 302-03 (1991)); *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994); *Sims v. Mashburn*, 25 F.3d 980 (11th Cir. 1994).

The Supreme Court has held that deliberate indifference describes a state of mind more blameworthy than negligence. *Farmer*, 511 U.S. at 834. "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

At best the Plaintiff alleged negligence with his allegation that "the Defendants herein failed to properly maintenance their facility."  He does not allege that the Defendants were deliberately indifferent to problems with the window that constituted a threat to inmate safety and security.  In fact, Defendant Smith has no responsibility whatsoever for maintenance of the physical facilities.  The complaint fails on its face to state a claim for relief for Eighth Amendment violations pursuant to 42 U.S.C. § 1983.  Absent some allegation that these defendants knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga*., 774 F.2d 1495, 1504 (11th Cir. 1985) *cert. denied*.  476 U.S. 1115 (1986)

In the absence of evidence of deliberate indifference upon the part of Warden Thomas, Plaintiff's claim against Warden Thomas is, presumably, an attempt to hold him responsible through the concept of respondeat superior which is not available to a plaintiff under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The law is well settled that defendants cannot be held liable, individually or in their official capacities, for actions brought pursuant to 42 U.S. C. § 1983 under the doctrine of respondeat superior or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir 1994*); Brown v. Crawford*, 906 F. 2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F. 2d 397, 401 (11th Cir. 1986).

The Defendants in their official capacity have asserted that they are immune from suit pursuant to the Eleventh Amendment and § 14, Alabama Constitution of 1901.  When a government defendant is sued in his official capacity under federal law, the claim is treated as a claim directly against the state or local government entity.  Consequently the Defendants are protected by sovereign immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. *Jackson v. Georgia Dep't of Trans.*, 16 F 3d 1573, 1575 (11th Cir. 1994); *Lancaster v. Monroe County, Ala.*, 116 F. 3d.  The Defendants have not consented to suit nor have

they waived their right to sovereign immunity. The State of Alabama has neither consented to suit nor waived its right to sovereign immunity as evidence by § 14, Alabama Constitution of 1901.

Sued in their individual capacities also, the Defendant asserts that they are entitled to the protection of qualified immunity. Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Dalrymple v. Reno,* 334 F.3d 991, 994 (11th Cir.2003)(quoting *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right." *Dalrymple,* 334 F.3d at 995 (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must make both an objective and a subjective showing. First, the inmate must prove that the conditions of confinement were, "objectively, 'sufficiently serious" ' so as to amount to the denial of a

basic human need. *Chandler,* 379 F.3d at 1289 (quoting *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)). A prisoner must prove the denial of "the minimal civilized measure of life's necessities." *Chandler,* 379 F.3d at 1289 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399). The challenged condition must be "extreme." *Id.* Although an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113S.Ct.at 2482.

Second, the inmate must prove that the prison official was subjectively "deliberately indifferent" to a substantial risk of harm. *Farmer*

*v. Brennan,* 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer,* 511 U.S. at 838, 114 S.Ct. at 1979. In addition, prison officials are not liable even if they actually knew of a risk if they responded reasonably to the risk. *Farmer,* 511 U.S. at 844, 114 S.Ct. at 1982-83. Moreover, "[a] plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1028 (11th Cir.2001) (en banc) (alteration in original).

Taken in the light most favorable to the Plaintiff, the allegations of his complaint do not allege constitutional violations by conditions of confinement. One window, dropping one time, cutting one inmate's one finger does not a constitutional violation make.

## <u>CONCLUSION</u>

The Defendants respectfully submit that there is no issue of material

fact and that they are entitled to a judgment as a matter of law.

Respectfully submitted,

TROY KING
Attorney General


/s/ Jack Wallace, Jr.
Jack Wallace, Jr.
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 29th day of May 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I further certify that I have served a copy of the same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jeffery Kreidler, AIS 227770
Elmore Correctional Facility
POB 8
Elmore, AL 36025

/s/ Jack Wallace, Jr.
Jack Wallace, Jr.
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY LYNN KREIDLER, 227770,    :

   Plaintiff,                   :

    v.                      : Case No. 2:07-CV-263-WKW

OFFICER SMITH, et al.,        :

Defendants.               :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared Willie J. Thomas, who being known to me and being by me first duly sworn, deposes and says:

My name is Willie J. Thomas. I am currently employed with the Alabama Department of Corrections as a Warden III at Elmore Correctional Facility in Elmore, Alabama. I am over twenty-one (21) years of age.

I do not recall ever having received a report or Maintenance Work Order form on the specific window inmate Kreidler claims fell on his finger. My staff keeps me well informed on all matters related to Elmore Correctional Facility, including repairs that need to be made, whether they are major or minor repairs. Maintenance Work Order forms come to me for my decision on their priority before any work is done or parts that may be needed are purchased or ordered. The repairs are made in as timely a manner as possible thereafter.

Elmore Correctional Facility experiences on-going problems every summer with the inmates tearing the screens off the windows and removing the cords from the window latches so



1

that they can prop the windows wider open. As soon as we replace the screens and cords, the inmates rip them right back out.

I emphatically deny that inmate Kreidler's injury resulted from failure to properly maintain Elmore Correctional Facility. I emphatically deny ever having intentionally caused any inmate wrongful injury. I emphatically deny ever having violated any inmate's constitutional rights.

WILLIE J. THOMAS

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the 9th day of May, 2007.

NOTARY PUBLIC

My Commission expires February 5, 2011

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY LYNN KREIDLER, 227770,     :

  Plaintiff,                       :

     v.                       : Case No. 2:07-CV-263-WKW

OFFICER SMITH, et al.,         :

Defendants.                 :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Michael Smith, who being known to me and being by me first

duly sworn, deposes and says:

My name is Michael Smith. I am currently employed with the Alabama Department of

Corrections as a Correctional Officer I at Elmore Correctional Facility in Elmore, Alabama. I am

over twenty-one (21) years of age.

On March 9, 2007 I was assigned to transport inmate Kreidler to the Health Care Unit

located at Staton Correctional Facility due to a finger injury. I transported inmate Kreidler to that

facility, and inmate Kreidler received medical treatment from the staff that was on duty there. The

staff at the Health Care Unit determined that inmate Kreidler needed to be taken to Baptist South

Medical Center. I transported inmate Kreidler to Baptist South Medical Center, and he also

received medical treatment there.

I was not assigned to B1 Dorm at the time inmate Kreidler claims a window fell on his

finger. I did not witness the incident, nor do I have any first-hand knowledge of the incident. My



1

only involvement in the incident was to transport inmate Kreidler to the two facilities where he received medical treatment.

I have never violated any inmate's constitutional rights.

MICHAEL SMITH

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

/7th _____ day of May, 2007.

NOTARY PUBLIC

My Commission expires February 5, 2011

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY LYNN KREIDLER, 227770, :

 Plaintiff, :

  v. : Case No. 2:07-CV-263-WKW

OFFICER SMITH, et al., :

Defendants. :

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Michael Smith, who being known to me and being by me first

duly sworn, deposes and says:

My name is Michael Smith. I am currently employed with the Alabama Department of

Corrections as a Correctional Officer I at Elmore Correctional Facility in Elmore, Alabama. I am

over twenty-one (21) years of age.

Part of my duties as a Correctional Officer is to maintain order and security at the prison to

which I am assigned. I do not have any responsibility for the maintenance of the physical

structures at the prison to which I am assigned. I had no knowledge whatsoever of the condition of

the window that allegedly injured inmate Kreidler.

I have never violated any inmate's constitutional rights.

MICHAEL SMITH

EXHIBIT
3

1

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

_/7ᵗʰ_____ day of May, 2007.           _Diane S. Sutherland_____
                                          NOTARY PUBLIC

My Commission expires February 5, 2011